UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:21-cv-2041-KKM-AEP

GERALD RODRIGUEZ,

    Plaintiff,

v.

PRISONER TRANSPORTATION SERVICES, INC.
f/k/a PRISONER TRANSPORTATION SERVICES,
LLC; BREVARD EXTRADITIONS, LLC; and U.S.
CORRECTIONS, LLC,

    Defendants.

_____/

## DEFENDANT U.S. CORRECTIONS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, U.S. CORRECTIONS, LLC, pursuant to the provisions of Rules 8 and 12 of the Federal Rules of Civil Procedure, files the following Answer and Affirmative Defenses to Plaintiff GERALD RODRIGUEZ's Complaint for Damages.

## JURISDICTION AND VENUE

1. Admitted that jurisdiction exists on the basis of federal question jurisdiction.

2. Admitted venue in the Middle District of Florida is appropriate but denied that any violation of any common law or Federal statutory provisions occurred.

## INTRODUCTION

3. Denied.

## PARTIES TO THE LAWSUIT

4. Admitted.

5. Admitted.

6. Admitted only to the extent that PTS is acting under color of law.

7. Admitted as to the subsidiary relationship between the instant Defendant U.S. CORRECTIONS, LLC and PTS and denied in all other respects.

## GENERAL ALLEGATIONS

8. Denied.

9. Denied.

10. Denied.

11. Denied.

**Policies, Customs and Practices of Inhumane Treatment**

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**Inadequate Polices for Hiring, Training, Supervision and Discipline**

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

**Representations of Efficiency and the Myth of Equivalency**

36. Denied.

37. Denied.

38. Denied.

**20 – Case Samples of Injuries and Deaths**

39-61. No response is made to these allegations as contained in the Affirmative Defenses is a Motion to Strike these allegations as immaterial, impertinent and/or scandalous.

**Plaintiff's Hell Ride from Connecticut to Florida**

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

### COUNT I
### 42 U.S.C. §1983 *Monell* Claim
### (PTS Defendants)

66. Defendant re-asserts its responses to paragraphs 1 through 65 as if set forth herein.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

### COUNT II
### Breach of Duty – Negligent Training
### (PTS Defendants)

74. Defendant re-asserts its responses to paragraphs 1 through 65 as if set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

### COUNT III
### Breach of Duty – Negligent Supervision
### (PTS Defendants)

81. Defendant re-asserts its responses to paragraphs 1 through 65 as if set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT IV
## Breach of Duty – Negligent Retention
### (PTS Defendants)

88. Defendant re-asserts its responses to paragraphs 1 through 65 as if set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## COUNT V
## Intentional Infliction of Emotional Distress – State Tort Claim
### (PTS Defendants)

95. Defendant re-asserts its responses to paragraphs 1 through 65 as if set forth herein.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## AFFIRMATIVE DEFENSES AND MOTION TO STRIKE
## PARAGRAPHS 39 THROUGH 61

1. Plaintiff has failed to state a claim upon which relief can be granted because the Complaint is a shotgun pleading that alleges multiple Defendants in each individual count.

2. Pursuant to the provisions of Rule 12(f) of the Federal Rules of Civil Procedure the allegations contained in paragraphs 39 through 61 are irrelevant, immaterial, and should be stricken. They contain conclusory allegations of twenty other individuals allegedly harmed during prison transports. There is no allegation that the circumstances were similar to the instant Plaintiff or that the identification of these individuals is necessary to state a claim upon which relief can be granted. These allegations, therefore, should be stricken.

3. This Court does not have supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

4. With regard to the *Monell* claims Defendant is not liable for the acts alleged in Plaintiff's Complaint because the alleged incidents, which are denied, were not the part of any policy, custom or wide spread practice of the Defendant such that it would constitute deliberate indifference to the Plaintiff's constitutional rights.

5. The Plaintiff has failed to allege sufficient facts to state a claim for intentional infliction of emotional distress.

6. The imposition of punitive damages would violate the due process clause of the Fourteenth Amendment to the United States Constitution although at this point no punitive damage claim is pled.

7. Defendants cannot be found liable under 42 U.S.C. §1983 based on respondeat superior or vicarious liability for the acts or omissions of its employees and Plaintiff's claims under that theory fail as a matter of law.

8. Defendant denies that it was acting under color of state law for purposes of imposition of 42 U.S.C. §1983 liability.

9. Plaintiff's claims are barred in whole or in part by the Prison Litigation Reform Act 42 U.S.C. §1997 et seq.

10. Plaintiff was transported in accordance with federal standards for private entities providing prisoner detainee services including those codified in 28 C.F.R. §97.1-30, regulations which were promulgated pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000, 42 U.S.C. §13726 et seq.

11. Defendant reserves the right to amend these Affirmative Defenses upon proper motion, notice, and hearing as it has not yet had the opportunity to conduct any discovery.

CONROY SIMBERG
Attorney for Defendant, U.S. Corrections, LLC
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
Telephone: (561) 697-8088
Facsimile: (561) 697-8664
Primary Email: eservicewpb@conroysimberg.com
Secondary Email: jblaker@conroysimberg.com

By: /s/ *Jeffrey A. Blaker*
Jeffrey A. Blaker, Esquire
Florida Bar No. 443913

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished by service through the eportal to: David A. Frankel Esq., Law Offices of David A. Frankel, P.A. 4601 Sheridan Street, Suite 213 Hollywood, FL 33021, Attorney for Plaintiff, david@BlueLotusLaw.com, doug@BlueLotusLaw.com, eService@BlueLotusLaw.com, paralegal@BlueLotusLaw.com on this 20th day of September, 2021.

By: /s/ *Jeffrey A. Blaker*
Jeffrey A. Blaker, Esquire
Florida Bar No. 443913